NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0088n.06

No. 12-1505

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 24, 2013*

DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMEL MARCUS PARKER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

BEFORE: MARTIN and ROGERS, Circuit Judges; TARNOW, District Judge.[*]

PER CURIAM. Jamel Marcus Parker, who is represented by counsel, appeals a district court judgment sentencing him to seventy-two months of imprisonment following his guilty plea to a charge of possession of a firearm by a felon.

Parker's initial presentence report calculated his advisory sentencing guidelines range as fifty-one to sixty-three months of imprisonment. The government objected to the report, arguing that an enhancement for obstruction of justice should apply. The objection was based on Parker's recorded telephone calls to his girlfriend from jail in which Parker appeared to ask her to take responsibility for the gun. The presentence report was revised to incorporate the enhancement, resulting in an advisory sentencing guidelines range of sixty-three to seventy-eight months of imprisonment. Parker

_____

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

objected to the enhancement. At the sentencing hearing, the district court listened to the telephone recordings and agreed that Parker had engaged in obstruction of justice. The court sentenced Parker to seventy-two months of imprisonment.

On appeal, Parker argues that the government waived its objection to the original presentence report because it did not file its objection in accordance with a new local rule requiring objections to be filed on the court's electronic filing system. He also repeats his argument that the enhancement was unwarranted.

Parker's argument that the government did not properly file its objection to the original presentence report is without merit as he admits that he received a copy of the objection and can show no prejudice from the failure to adhere to the recent rule change. "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a).

A sentence may be found to be procedurally unreasonable where the court errs in calculating the sentencing guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). We find no error by the district court here. *See United States v. Carter*, 510 F.3d 593, 597 & n.1 (6th Cir. 2007). An enhancement for obstruction of justice is called for under USSG § 3C1.1 where the defendant engages in "intimidating, or otherwise unlawfully influencing a . . . witness . . . or attempting to do so." USSG § 3C1.1 cmt. n.4(A). In his telephone calls to his girlfriend, Parker berated her for being responsible for the position he was in because she had let the police into her apartment to arrest him, had given them permission to search the apartment, and had not claimed responsibility for the firearm. When his seven-month pregnant girlfriend objected that she could get in trouble for having

a gun, Parker told her that she would get "a slap on the wrist" while he was going to prison. We agree with the district court's finding that Parker was attempting to intimidate or influence this witness. We have upheld obstruction of justice enhancements in similar cases. *See United States v. Waldon*, 206 F.3d 597, 608–09 (6th Cir. 2000); *United States v. Bingham*, 81 F.3d 617, 632 (6th Cir. 1996).

The district court's judgment is affirmed.